**RYAN W. STITT**
California State Bar No. 273651
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Ryan_Stitt@fd.org

Attorneys for Defendant
GUSTAVO LAZCANO-NERIA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GUSTAVO LAZCANO-NERIA,<br><br>Defendant. | CASE NO.:  20MJ4538-AHG<br><br>Hon. Allison H. Goddard<br>Courtroom 3B<br>Date: October 29, 2020<br>Time: 2:30 p.m.<br><br>JOINT MOTION TO INCOPORATE PRIOR BRIEFING AND ORDER FROM THE COURT |

## I.     Statement of facts

Based on discovery provided by the government, Border Patrol Agent Ryan Courtney was patrolling the countryside in the Chula Vista Border Patrol Station's area of operation. At approximately 2:40 a.m., Agent Courtney received a radio call directing him to intercept a group of suspected undocumented people. He responded to the area along with Agent Palacios and approached the group. Agent Courtney announced his presence and one of the nine suspects fled about ten yards before falling.

Agent Courtney placed the suspect under arrest and later learned that his name was Gustavo Lazcano-Neria. Agent Courtney then questioned Mr. Lazcano as to his citizenship and nationality. Agent Courtney reports that Mr. Lazcano said that he was a citizen of Mexico who was illegally in the United States.

Discovery provided by the government further shows that Mr. Lazcano made a post-arrest statement, but counsel has not been able to review the substance of the statement yet given the fact that it is in Spanish.

## II. Mr. Lazcano's motions

Mr. Lazcano wishes to raise a series of legal challenges to the charge and elements of the offense. These challenges have been raised and denied by this Court in other cases. *See e.g.*, *United States v. Morales-Roblero*, 19MJ24442-AHG, Dkt. No. 45 (S.D. Cal. Sept. 14, 2020). Mr. Lazcano and the government jointly move to incorporate their respective briefs and argument in the *Morales-Roblero* case that resulted in the above cited order from the Court. Specifically, Mr. Morales:

- Moves to dismiss the charges because § 1325 violates the non-delegation doctrine;
- Moves to dismiss the charges because § 1325 is void for vagueness;
- Moves to dismiss the charges because § 1325 "Streamline" court violates equal protection;
- Moves to dismiss the charges because § 1325 is unconstitutional following the *Morales-Santana* decision;
- Moves to dismiss the charges because the charging document fails to allege that Mr. Lazcano *knew* he was undocumented as required after *Rehaif*;
- And, finally, Mr. Lazcano moves to dismiss the charges based on *Village of Arlington Heights* because of the racist origins of § 1325.

## III. Conclusion

Mr. Lazcano and the government jointly move to incorporate their briefing from *Morales-Roblero's* case. Further, Mr. Lazcano has not yet been able to review the Spanish language post-arrest statement, and he wishes to reserve his right to challenge that statement at trial, should legal basis to challenge it arise through is review of the statement.

Respectfully submitted,

Dated: October 26, 2020

*s/ Ryan W. Stitt*
Federal Defenders of San Diego, Inc.
Attorneys for Defendant
GUSTAVO LAZCANO-NERIA
Email: Ryan_Stitt@fd.org

Dated: October 26, 2020

*s/ Paul E. Benjamin*
Assistant United States Attorney

**CERTIFICATE OF AUTHORIZATION TO SIGN
ELECTRONIC SIGNATURE**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I certify that the content of this document is acceptable to counsel for the Plaintiff and that I have obtained authorization from AUSA Paul E. Benjamin to affix his electronic signature to this document.

*s/ Ryan W. Stitt*
Ryan W. Stitt
Federal Defenders of San Diego, Inc.
Email: Ryan_Stitt@fd.org